THIS DECISION IS A
PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Mailed: March 22, 2013

Opposition No. 91208437

McDonald's Corporation

v.

Cambrige Overseas Development Inc.

**George C. Pologeorgis,**
**Interlocutory Attorney:**

Cambridge Overseas Development Inc. ("applicant") seeks to register the mark MACVISION, as illustrated below, for "LED light bulb and LED desk lamp" in International Class 11.[1]



McDonald's Corporation ("opposer") has opposed the registration of applicant's MACVISION mark on the ground of priority and likelihood of confusion based upon its alleged prior common-law use and ownership of registrations for a family of "Mc" and "Mac" marks used in connection with, *inter alia*, restaurant services and sandwiches for

---

[1] Application Serial No. 85439342, filed on October 5, 2011, based upon an allegation of use in commerce under Section 1(a) of the Trademark Act, claiming November 3, 2011, as both the date of first use and the date of first use in commerce.

consumption on or off premises.  Opposer has also asserted a claim of dilution as a ground for opposition.

Applicant, in its answer, has denied the salient allegations of the notice of opposition.[2]

On January 9, 2013, the parties filed a stipulation to accept service by e-mail but retain the five additional days afforded under Trademark Rule 2.119(c) to file and/or serve any responsive documents that would be provided if the original filing was served by first-class mail.

Trademark Rule 2.119(b)(6) provides that service of papers may be made by electronic transmission when mutually agreed upon by the parties.

Inasmuch as the parties have stipulated to service by e-mail, they may not take advantage of the five additional days for service provided under Trademark Rule 2.119(c).  *See Miscellaneous Changes to Trademark Trial and Appeal Board Rules*, 72 Fed. Reg. 42242, 42250 (August 1, 2007) ("As for agreed use by parties of e-mail or fax for forwarding of service copies, the Office confirms that § 2.119(c) would not apply to service by electronic transmission (email or fax) under § 2.119(b)(6).").

---

[2] Applicant's counsel's appearance filed on December 18, 2012 is noted.  Board records have been updated accordingly.

Trademark Rule 2.119(c) provides, in relevant part, that "[w]henever a party is required to take some action within a prescribed period after the service of a paper upon the party by another party and the paper is served by first-class mail, 'Express Mail,' or overnight courier, 5 days shall be added to the prescribed period." Accordingly, parties to a Board proceeding may avail themselves of the additional five days for service afforded under Trademark Rule 2.119(c) only if the original filing to which a response is required was served by first-class mail, Express Mail or by overnight courier. By stipulating to accept service by e-mail but retain the five additional days for service provided under Trademark Rule 2.119(c), the parties have impermissibly circumvented the provisions of this rule.

Moreover, such a stipulation would violate the provisions in Trademark Rule 2.127 which state that the time for filing reply briefs and motions under Fed. R. Civ. P. Rule 56(d) will not be extended.[3] Specifically, if the parties have agreed to

---

[3] Trademark Rule 2.127(a) specifically provides that "[t]he time for filing a reply brief will not be extended." Similarly, Trademark Rule 2.127(e)(1) provides that the time for filing a reply brief in support of a motion for summary judgment "will not be extended." Trademark Rule 2.127(e)(1) also provides that "[t]he time for filing a motion under Rule [56(d)] will not be extended." [Please note: Former subdivision (f) of Fed. R. Civ. P. 56 has been carried forward by the 2010 amendments to the Federal Rules of Civil Procedure as subdivision (d). Consequently, the reference to Fed. R. Civ. P. 56(f) in Trademark Rule 2.127(e)(1) is to be read as a reference to present Fed. R. Civ. P. 56(d).]

service by e-mail but also retain the five additional days provided under Trademark Rule 2.119(c), they have essentially agreed to an automatic extension of time to file a reply brief or a motion under Rule 56(d), an extension which is prohibited by Trademark Rule 2.127.

In view thereof, the parties' stipulation to accept service by e-mail but retain the additional five days provided under Trademark Rule 2.119(c) when service is not by e-mail cannot be approved.

As an alternative, the parties may stipulate to accept service by first-class mail but also to serve simultaneously a courtesy e-mail copy of any filing in this proceeding. By way of such a stipulation, the parties may then take advantage of the five additional days for service provided under Trademark Rule 2.119(c) without violating the provisions therein.

Trial dates remain as set forth in the Board's December 14, 2012 institution order.